IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELIX FORCADES** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **CHARLES ERICKSON, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **BERKS, THE ATTORNEY GENERAL** | : | |
| **OF THE STATE OF PENNSYLVANIA** | : | NO. 06-4335 |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, S.J.**                                                                 **NOVEMBER 2, 2007**

This is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Felix Forcades ("Forcades"), a state prisoner. Forcades is serving an aggregate sentence of seven to twenty years' imprisonment at State Correctional Institute Retreat in Hunlock, Pennsylvania, for drug trafficking activities. The Honorable M. Faith Angell, United States Magistrate Judge, filed a report and recommendation that Forcades's habeas petition be dismissed without prejudice for failure to exhaust state remedies. The report and recommendation as to claims 5 and 6 will be approved and adopted, and Forcades's habeas petition will be dismissed without prejudice.

**I.      FACTS AND PROCEDURAL HISTORY**

Following a jury trial, Forcades was convicted of possession of a controlled substance, possession with intent to deliver a controlled substance, delivery of a controlled substance, possession of drug paraphernalia, criminal attempt to commit possession of a controlled substance, conspiracy to commit possession of a controlled substance, conspiracy to commit possession with intent to deliver a controlled substance, and criminal use of a communication

facility.

Forcades filed a timely appeal to the Pennsylvania Superior Court and challenged the trial court's denial of his suppression motion on four grounds:

1) the trial court erred in failing to suppress evidence seized by police pursuant to a search warrant at 812 Muhlenberg Street because the affidavit lacked probable cause;

2) the trial court erred in failing to suppress evidence seized during the warrantless search of the Underground Gear Store, where Forcades was believed to be employed, because no justifiable exigent circumstances existed to support the warrantless search;

3) the trial court erred in ruling Forcades's arrest outside the Underground Clothing Store was lawful since police lacked probable cause; and

4) the trial court erred in failing to suppress wiretap evidence because prior to issuance of the wiretap, the officers failed to establish that traditional law enforcement means would not have been effective.

The Pennsylvania Superior Court denied Forcades's appeal and affirmed the lower court's judgment of sentence; the court rejected all four of Forcades's claims on the merits.

The Pennsylvania Supreme Court denied Forcades's petition for writ of mandamus and petition for allowance of appeal.

Forcades filed the instant habeas petition raising the following seven claims:

1) the trial court erred in failing to suppress evidence seized by police pursuant to a search warrant at 812 Muhlenberg Street because the affidavit lacked probable cause;

2) the trial court erred in failing to suppress evidence seized during the warrantless search of the Underground Gear Store, where Forcades was believed to be employed, because no justifiable exigent circumstances existed to support the warrantless search;

3) the trial court erred in ruling Forcades's arrest outside the Underground Clothing Store was lawful since police lacked probable cause;

4)       the trial court erred in failing to suppress wiretap evidence because prior to issuance of the wiretap, the officers failed to establish that traditional law enforcement means would not have been effective;

5)       government interference with right to counsel;

6)       constitutionally ineffective assistance of counsel; and

7)       actual innocence / miscarriage of justice.

The habeas petition was referred to Judge Angell for a report and recommendation. Judge Angell filed a report and recommendation that the habeas petition be dismissed without prejudice for failure to exhaust state remedies. In addition to recommending dismissal without prejudice, Judge Angell stated claims 1-4 were not cognizable because under <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976), where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief based on unconstitutional search and seizure. Judge Angell also stated under <u>Herrera v. Collins</u>, 506 U.S. 390, 400 (1993), Forcades's claim of actual innocence / miscarriage of justice is not a ground for federal habeas relief absent an independent constitutional violation in the underlying state criminal proceeding. Forcades filed objections. The report and recommendation will be approved and adopted as to claims 5 and 6; the court will not make a decision on the merits of claims 1-4 or claim 7 at this time. The objections will be overruled, and the habeas petition will be dismissed without prejudice.

## II.    DISCUSSION

Under 28 U.S.C. § 2254(b)(1), a petition for writ of habeas corpus cannot be granted unless the petitioner has "exhausted the remedies available in the courts of the State." A habeas petitioner must show each claim in his federal habeas petition has been "fairly presented" to the

state courts. Picard v. Connor, 404 U.S. 270, 275-76 (1971).  Forcades has not raised his claims of government interference with right to counsel (claim 5), ineffective assistance of counsel (claim 6), or actual innocence / miscarriage of justice (claim 7) in Pennsylvania state court on direct appeal or collateral review.  Since Forcades's criminal conviction became final on March 5, 2007, and the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, includes a one-year statute of limitations, Forcades may seek review under the PCRA before March 5, 2008.  When Forcades has exhausted his claims, he may refile for federal habeas relief if the statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") has not run.  See 28 U.S.C. § 2244(d)(1) (habeas petition must be filed within one year of the date on which the petitioner's judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review).

Forcades argues it would be impossible for him to exhaust state court remedies without violating AEDPA's one-year statute of limitations, and the resulting denial of federal review of his claims would result in a miscarriage of justice.  AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  AEDPA's one-year statute of limitations will be tolled when Forcades properly files a PCRA petition on his unexhausted claims.  Forcades's objections will be overruled.

### III.  CONCLUSION

The Magistrate Judge's report and recommendation will be approved and adopted as to Forcades's claims 5 and 6; the court will not decide claims 1-4 or claim 7 on the merits at this

time. The objections will be overruled, and the habeas petition will be dismissed without prejudice for failure to exhaust state remedies.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELIX FORCADES** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CHARLES ERICKSON, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **BERKS, THE ATTORNEY GENERAL** | : | |
| **OF THE STATE OF PENNSYLVANIA** | : | **NO. 06-4335** |

## ORDER

     **AND NOW**, this 2nd day of November, 2007, upon consideration of the report and recommendation of M. Faith Angell, United States Magistrate Judge, petitioner's objections thereto, and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that:

     1.     The report and recommendation (paper no. 14) is **APPROVED** and **ADOPTED** as to petitioner's claims 5 and 6; the court will not decide the merits of claims 1-4 or claim 7 at this time.

     2.     The objections filed by petitioner (paper no. 15) are **OVERRULED**.

     3.     The petition for writ of habeas corpus (paper no. 1), filed pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED without prejudice for failure to exhaust state court remedies as to claims 5, 6, and 7**.

     4.     Because petitioner has failed to make a substantial showing of the denial of a constitutional right, there is no basis for issuing a certificate of appealability.

     /s/ Norma L. Shapiro
     S.J.